Filed 12/18/25  LaZelle v. Mountain Valley Homeowners Assn. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| MICHAEL LAZELLE et al.,<br><br>    Plaintiffs and Appellants,<br><br>v.<br><br>MOUNTAIN VALLEY HOMEOWNERS ASSOCIATION, et al.,<br><br>    Defendants and Respondents. | 2d Civ. No. B344144<br>(Super. Ct. No. 2024CUMC025013)<br>(Ventura County) |

Michael LaZelle and Sherri LaZelle appeal in propria persona from various orders of the trial court.  According to the Notice of Appeal, the orders were entered on October 17, 2024, January 10, 2025, and January 17, 2025.  We affirm because appellants have not provided an adequate record for appellate review and have not complied with the rules of appellate procedure.  We also affirm because one of the appealed orders is not appealable.  This order struck appellants' motion to

disqualify the trial court judge.  The order "may be reviewed only by a writ of mandate."  (Code Civ. Proc., § 170.3, subd. (d).)[1]

*Appellants' Opening Brief: Introduction's Allegations*

The Introduction to appellants' opening brief alleges, "This appeal arises from a judicial proceeding so infected with constitutional violations, statutory defiance, and unchecked judicial misconduct that it has completely undermined Appellants' rights to a fair hearing and equal access to justice. Appellants . . . , [who are] homeowners and members of the Mountain Valley Homeowners Association [], have been the repeated targets of retaliatory litigation – coordinated by a felon-controlled board and enabled by a trial court judge who has refused to follow the most basic laws governing impartial adjudication, homeowner protections, and due process under the Fourteenth Amendment."  (Bold omitted.)

*Failure to Provide Adequate Record*

The Clerk's Transcript does not include a judgment.  It consists of three orders: (1) a November 6, 2024 order striking appellants' motion to disqualify the trial judge; (2) a January 10, 2025 order granting defendant Jeremy Yablan's special motion to strike appellants' complaint as alleged against him; and (3) a January 17, 2025 order granting defendant Sam Shewa's special motion to strike the same complaint as alleged against Shewa.  The special motions to strike were pursuant to Code of Civil Procedure section 425.16, the anti-SLAPP statute.  Although the notice of appeal says that appellants are appealing from an order entered on October 17, 2024, no such order is included in the record on appeal.

---

[1] We deny appellants' motion to strike respondents' brief.

2

"A cause of action arising from an act in furtherance of a defendant's constitutional right of petition or free speech in connection with a public issue is subject to a special motion to strike unless the plaintiff demonstrates a probability of prevailing on the claim. . . . [¶] The analysis of an anti-SLAPP motion involves a two-step process. [Citations.] ""First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one "arising from" protected activity. [Citation.] If the court finds such a showing has been made, it then must consider whether the plaintiff has demonstrated a probability of prevailing on the claim."" [Citations.] . . . "'Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute . . . is a SLAPP, subject to being stricken under the statute."" [Citation.] [¶] We review de novo the grant or denial of a special motion to strike." (*Towner v. County of Ventura* (2021) 63 Cal.App.5th 761, 769.)

The appeal must be resolved against appellants because the record is inadequate for us to make the above-required analysis. The record does not include (1) appellants' complaint,[2] (2) the special motions to strike filed by Yablan and Shewa, (3)

---

[2] The trial court stated that "the general themes" of the complaint "are: (1) that defendants Shewa, Yablan, Waisbren, CNE, and Mountain Valley Homeowners Association [] conspired to cause a temporary restraining order to issue [against appellants] based on false representations to the court; (2) that in an effort to falsely have [appellants] held in contempt of court, the conspirators solicited and filed a perjurious proof of service falsely attesting to a service that did not occur; and (3) that, in furtherance of this conspiracy, Waisbren made false statements to the police with the intention to cause [appellants] to be held in contempt of court."

3

appellants' opposition to Yablan's special motion to strike, and (4) a reporter's transcript of the oral proceedings or an agreed or settled statement in lieu of a reporter's transcript.  (Cal. Rules of Court, rules 8.134, 8.137.)[3]

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment.  [Citations.] . . . 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court.  "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented.'"  [Citation.]  '"A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.'"  [Citation.]  'Consequently, [the appellant] has the burden of providing an adequate record.  [Citation.]  Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].'"  (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.)

*Failure to Comply with Rules of Appellate Procedure*

Appellants have violated rule 8.204(a)(2)(C), which requires that an opening brief "[p]rovide a summary of the significant facts limited to matters in the record."  Instead of summarizing the significant facts, in their "Statement of the Case" appellants make conclusionary, argumentative allegations.

---

[3] All references to rules are to the California Rules of Court.

Appellants have also violated rule 8.204(a)(1)(C), which requires that "any reference to a matter in the record" be supported "by a citation to the volume and page number of the record where the matter appears."  Appellants' opening brief does not include a single supporting citation to the record.  "It is the duty of counsel to refer the reviewing court to the portion of the record which supports appellant's contentions on appeal. [Citation.]  If no citation 'is furnished on a particular point, the court may treat it as waived.' [Citation.]  We find this is an appropriate case in which to apply the waiver rule." (*Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115; see also *In re S.C.* (2006) 138 Cal.App.4th 396, 406-407 ["When an appellant's brief makes no reference to the pages of the record where a point can be found, an appellate court need not search through the record in an effort to discover the point purportedly made.  [Citations.]  We can simply deem the contention to lack foundation and, thus, to be forfeited"].)

Appellants' in propria persona status does not excuse their failure to follow the rules of appellate procedure.  "When a litigant is appearing in propria persona, he is entitled to the same, but no greater, consideration than other litigants and attorneys [citations].  Further, the in propria persona litigant is held to the same restrictive rules of procedure as an attorney [citation]." (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638-639, fn. omitted.)

*Motion to Augment the Record*

On May 1, 2025, appellants filed a motion to augment the record on appeal with Exhibits A through I.  In their reply brief appellants assert that this court granted the motion on April 30, 2025.  We took no action on that date.  Later in their reply brief,

appellants state that we granted the motion "nunc pro tunc." We did not do so. On May 20, 2025, we issued the following order: "On May 1, 2025, appellants filed a motion to augment to [*sic*] record on appeal. Resolution of appellants' motion to augment is deferred pending completion of briefing in this appeal."

Appellants' Exhibits A through D concern California State Bar matters and the registration of the law firm to which respondents' attorneys belong. As to these exhibits, the motion to augment is denied for two reasons. First, appellants have failed to establish the exhibits' relevance to their appeal.[4] Second, appellants have failed to show that the exhibits were before the trial court when it made the rulings in question. "'Augmentation does not function to supplement the record with materials not before the trial court. [Citations.] . . . Rather, normally "when reviewing the correctness of a trial court's [order or] judgment, an appellate court will consider only matters which were part of the record at the time the [order or] judgment was entered." . . .'" (*In re K.M.* (2015) 242 Cal.App.4th 450, 455-456.)

Exhibits E through I concern rulings by the trial court and actions taken after the filing of appellants' Notice of Appeal on

---

[4] In their opening brief appellants contend that "[e]very dispositive ruling in this case . . . must be declared void ab initio" because the law firm to which respondents' attorneys belong "[w]as suspended by the California State Bar as of December 16, 2021," and "[w]as not registered with the California Secretary of State and had no registered agent for service of process." (Bold omitted.) Appellants have not cited any authority to the effect that a trial court's rulings can be reversed based on the legal status of the law firm to which a party's duly licensed attorneys belong.

February 19, 2025. As to these exhibits, the motion to augment is denied because appellants have failed to establish their relevance and because they relate to matters that occurred during the pendency of the appeal. (See *In re Kenneth D.* (2024) 16 Cal.5th 1087, 1106 ["Although the department lodged its memo with the juvenile court, it did so only after that court's judgment, when the case was already on appeal. 'The augmentation procedure cannot be used to bring up matters occurring during the pendency of the appeal because those matters are outside the superior court record'"].

*Disposition*

The orders appealed from are affirmed. Respondents shall recover their costs on appeal.

<u>NOT TO BE PUBLISHED.</u>


YEGAN, Acting P. J.

We concur:


CODY, J.


HIPPACH, J.[*]

---

[*] (Judge of the Sup. Ct. for Santa Barbara, assigned by the Chief Justice pursuant to art., VI, § 6 of the Cal. Const.)

Mark S. Borrell, Judge

Superior Court County of Ventura

_____


          Michael LaZelle and Sherri LaZelle, in propria persona, for Plaintiffs and Appellants.
          Freeman Mathis & Gray and Christopher J. Weber, Sydney L. Preston, for Defendants and Respondents.